******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

ANTHONY GILCHRIST *v.* COMMISSIONER
OF CORRECTION
(AC 39626)

Prescott, Elgo and Harper, Js.

*Syllabus*

The petitioner, who had been convicted, on a guilty plea, of the crime of
robbery in the third degree, sought a writ of habeas corpus, claiming
that because his plea bargain had not been followed, the habeas court
should allow him to withdraw the guilty plea and that the court should
vacate or dismiss the charge, or both. In his habeas petition, the peti-
tioner alleged that his total effective sentence was an unconditional
discharge. The habeas court, sua sponte and without holding a hearing,
dismissed the petition for a writ of habeas corpus for lack of subject
matter jurisdiction pursuant to the applicable rule of practice (§ 23-29
[1]) because the petitioner no longer was in custody on the conviction
that he was challenging at the time he filed the habeas petition. From
the judgment rendered thereon, the petitioner, on the granting of certifi-
cation, appealed to this court. He claimed, inter alia, that he was denied
his constitutional and statutory rights to due process, to notice of a
hearing, to assigned counsel and to be heard on his habeas petition.
*Held* that the habeas court properly dismissed the petition for a writ of
habeas corpus; because the petitioner did not allege sufficient facts to
establish that he was, at the time he filed the habeas petition, in custody
on the conviction he was challenging, the habeas court lacked jurisdic-
tion over the habeas petition and, therefore, it had no obligation under
§ 23-29 (1) to grant a hearing to the petitioner prior to dismissing the
petition.

Argued November 28, 2017—officially released March 6, 2018

*Procedural History*

Petition for a writ of habeas corpus, brought to the
Superior Court in the judicial district of Tolland, where
the court, *Oliver*, *J.*, dismissed the petition and ren-
dered judgment thereon, from which the petitioner, on
the granting of certification, appealed to this court.
*Affirmed.*

*Adele V. Patterson*, senior assistant public defender,
for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney,
with whom, on the brief, was *John C. Smriga*, state's
attorney, for the appellee (respondent).

*Opinion*

HARPER, J. The petitioner, Anthony Gilchrist, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus for lack of subject matter jurisdiction because, at the time he filed the petition, he was not in custody as a result of the conviction that he challenges. On appeal, the petitioner asserts that he was denied his rights to due process, assigned counsel, and notice and a hearing, when the court, sua sponte, dismissed his petition for lack of subject matter jurisdiction. The respondent, the Commissioner of Correction, contends that the court was not required to hold a hearing because the petitioner was not in custody at the time he filed the petition. We agree with the respondent and, accordingly, affirm the judgment of the habeas court.

The following facts and procedural history are relevant to this appeal. On June 24, 2016, the petitioner, representing himself, filed a petition for a writ of habeas corpus. In his petition, under the "details of conviction and sentence now being served" section, he listed the location of the court as "Bridgeport low court." The petitioner further stated that he pleaded guilty on "9/ 2013" in "CR-12-267383, robbery in the third degree," and listed the total effective sentence as "unconditional discharge." In a handwritten attachment to his petition, he stated, "[m]y plea bargain was not followed because my lawyer stated [specifically] that the robbery third charge would not make me 85 [percent] due to the unconditional discharge and it being on a completely separate [docket]." He also attached a letter that he received from the Board of Pardons and Paroles, which stated in relevant part: "[Y]ou are ineligible for parole until you have served not less than 85 [percent] of your definite sentence imposed by the court." As relief, the petitioner requested that the court allow him to withdraw his guilty plea and "vacate and/or dismiss [the] charge."

On July 28, 2016, the court, sua sponte and without holding a hearing, dismissed the petition for lack of subject matter jurisdiction pursuant to Practice Book § 23-29 (1),[1] explaining that "the petitioner was no longer in custody for the conviction being challenged at the time the petition was filed." The petitioner filed a motion to reconsider, which was denied on August 18, 2016. The court subsequently granted the petition for certification to appeal.

On appeal, the petitioner claims that he improperly was denied his constitutional and statutory rights to due process, to notice of a hearing, to assigned counsel, and to be heard on his petition, in violation of General Statutes § 52-470 (a) and Practice Book § 23-24.[2] Additionally, the petitioner claims that his pleadings could be construed to state a cognizable claim for relief, i.e.,

the court could infer, on the basis of the information in his petition, that he was incarcerated on a separate conviction for which his parole eligibility was affected by his plea of guilty to robbery in the third degree. The petitioner argues that once the "habeas case [was] docketed," the court is required to provide him with assigned counsel and the opportunity to attend any dispositive hearing. Moreover, the petitioner argues that because he filed his petition without the assistance of counsel, the court should have inferred that it had subject matter jurisdiction on the basis of a broad and liberal interpretation of the pleadings. In response, the respondent contends that the court's sua sponte dismissal for lack of subject matter jurisdiction was proper and that the court appropriately construed the petition as challenging an expired conviction.

We first set forth our well established standard of review and relevant legal principles. "Subject matter jurisdiction for adjudicating habeas petitions is conferred on the Superior Court by General Statutes § 52-466, which gives it the authority to hear those petitions that allege illegal confinement or deprivation of liberty. . . . We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Internal quotation marks omitted.) *Anthony A*. v. *Commissioner of Correction*, 159 Conn. App. 226, 234–35, 122 A.3d 730 (2015), aff'd, 326 Conn. 668, 166 A.3d 614 (2017). "Once the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented. . . . The court must fully resolve it before proceeding further with the case. . . . Whenever a court finds that it has no jurisdiction, it must dismiss the case, without regard to previous rulings." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 258 Conn. 804, 813, 786 A.2d 1091 (2002).

"A habeas court has subject matter jurisdiction to hear a petition for habeas corpus *when the petitioner is in custody at the time that the habeas petition is filed*. . . . It is well settled that [t]he petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action. . . . The principle that a plaintiff may rely only upon what he has alleged is basic. . . . It is fundamental in our law that the right of a plaintiff to recover is

limited to the allegations of his complaint." (Citation omitted; emphasis added; internal quotation marks omitted.) *Arriaga* v. *Commissioner of Correction*, 120 Conn. App. 258, 262, 990 A.2d 910 (2010), appeal dismissed, 303 Conn. 698, 36 A.3d 224 (2012).

A habeas court lacks subject matter jurisdiction when the petitioner is not in custody on the conviction under attack at the time the petition was filed. *Lebron* v. *Commissioner of Correction*, 274 Conn. 507, 532, 876 A.2d 1178 (2005), overruled in part on other grounds by *State* v. *Elson*, 311 Conn. 726, 747, 754, 91 A.3d 862 (2014). The custody requirement "has never been extended to the situation where a habeas petitioner *suffers no present restraint from a conviction*." (Emphasis in original; internal quotation marks omitted.) Id., 531. Furthermore, "the collateral consequences of the petitioner's expired convictions, although severe, are insufficient to render the petitioner in custody on those convictions and, therefore, to invoke the jurisdiction of the habeas court." *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 541, 911 A.2d 712 (2006).

The petitioner alleged in his petition that his total effective sentence was an "unconditional discharge." General Statutes § 53a-34 (b) provides: "When the court imposes a sentence of unconditional discharge, the defendant shall be released with respect to the conviction for which the sentence is imposed without imprisonment, probation supervision or conditions. A sentence of unconditional discharge is for all purposes a final judgment of conviction." "[A] Connecticut habeas court has subject matter jurisdiction only over those cases brought by a petitioner who is legally confined or deprived of his liberty under the challenged conviction. . . . A person is in custody when he is under a legal restraint." (Internal quotation marks omitted.) *Young* v. *Commissioner of Correction*, 104 Conn. App. 188, 191, 932 A.2d 467 (2007), cert. denied, 285 Conn. 907, 942 A.2d 416 (2008).

The petitioner claims that the court erred by not conducting a hearing before deciding that it did not have subject matter jurisdiction. We refer to our recent decision in *Pentland* v. *Commissioner of Correction*, 176 Conn. App. 779, 169 A.3d 851, cert. denied, 327 Conn. 978, 174 A.3d 800 (2017), in which we stated: "The habeas court did not conduct a hearing before it dismissed the petition because, as can be determined from a review of the petition, the petitioner had not satisfied his obligation to allege sufficient facts in his pleading, which, if proved, would establish that he was in custody at the time he filed the petition. The court thus lacked jurisdiction, and the habeas court at any time, upon its own motion, could dismiss the petition. Practice Book § 23-29. Under these circumstances, where § 23-29 did not require a hearing before dismissal, the habeas court did not have an obligation to grant a

hearing to the petitioner prior to dismissing the petition." (Internal quotation marks omitted.) *Pentland* v. *Commissioner of Correction*, supra, 787.

Moreover, the circumstances of the present case are distinguishable from prior cases in which it was determined that the petition improperly was dismissed without a hearing. See, e.g., *Mercer* v. *Commissioner of Correction*, 230 Conn. 88, 92, 644 A.2d 340 (1994) (court improperly dismissed habeas petition based on underlying conviction of felony murder without holding hearing because petitioner was "entitled to an opportunity to present further evidence to support his claim that inadequate assistance of counsel deprived him of a fair trial"); *Boyd* v. *Commissioner of Correction*, 157 Conn. App. 122, 126, 115 A.3d 1123 (2015) (court improperly dismissed second habeas petition based on underlying conviction of murder without holding hearing, prior to conclusion of first habeas appeal, because petitioner alleged "new ground upon which his second habeas petition could have been granted"); *Mitchell* v. *Commissioner of Correction*, 93 Conn. App. 719, 726, 891 A.2d 25 (court improperly dismissed second habeas petition based on underlying convictions of kidnapping and sexual assault without holding hearing because petitioner raised new claims not raised before), cert. denied, 278 Conn. 902, 896 A.2d 104 (2006). In those prior cases, the court's subject matter jurisdiction was never challenged on the basis of the petitioner's "in custody" requirement.

On the basis of our interpretation of his pleadings, the petitioner has not alleged sufficient facts to establish that he was, at the time of filing, in custody on the conviction that was the subject of his petition to the habeas court for allegations of illegal confinement or deprivation of liberty.[3] See *Pentland* v. *Commissioner of Correction*, supra, 176 Conn. App. 779; *Arriaga* v. *Commissioner of Correction*, supra, 120 Conn. App. 263. Because the custody requirement is necessary to invoke the jurisdiction of the habeas court, the court lacked jurisdiction to hear the petition for a writ of habeas corpus.[4]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (1) the court lacks jurisdiction . . . ."

[2] General Statutes § 52-470 (a) provides: "The court or judge hearing any habeas corpus shall proceed in a summary way to determine the facts and issues of the case, by hearing the testimony and arguments in the case, and shall inquire fully into the cause of imprisonment and thereupon dispose of the case as law and justice require."

Practice Book § 23-24 provides: "(a) The judicial authority shall promptly review any petition for a writ of habeas corpus to determine whether the writ should issue. The judicial authority shall issue the writ unless it appears that:

"(1) the court lacks jurisdiction;

"(2) the petition is wholly frivolous on its face; or

"(3) the relief sought is not available.

"(b) The judicial authority shall notify the petitioner if it declines to issue the writ pursuant to this rule."

[3] We are mindful that "[a]lthough we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law. . . . A habeas court does not have the discretion to look beyond the pleadings . . . . In addition, while courts should not construe pleadings narrowly and technically, courts also cannot contort pleadings in such a way so as to strain the bounds of rational comprehension." (Internal quotation marks omitted.) *Arriaga* v. *Commissioner of Correction*, supra, 120 Conn. App. 263.

[4] Because this conclusion is dispositive, we need not address the petitioner's other claims. See, e.g., *Kleen Energy Systems, LLC* v. *Commissioner of Energy & Environmental Protection*, 319 Conn. 367, 380, 125 A.3d 905 (2015).