ANGELO A. ZIOTAS *v.* THE REARDON LAW FIRM, P.C.
(SC 18292)

Rogers, C. J., and Palmer, Vertefeuille, Zarella and McLachlan, Js.*

---

* The listing of justices reflects their seniority status on this court as of the date of oral argument.

Argued February 17—officially released June 8, 2010

*Michael C. Harrington*, with whom was *William F. Gallagher*, for the appellant (defendant).

*Anthony M. Fitzgerald*, with whom was *David S. Hardy*, for the appellee (plaintiff).

*Opinion*

ROGERS, C. J. The issue raised by this appeal is whether a year-end bonus, the amount of which is discretionary, constitutes wages under General Statutes § 31-71a (3).[1] The plaintiff, Angelo A. Ziotas, brought this action against the defendant, The Reardon Law Firm, P.C., alleging that the defendant had breached an agreement to pay him a year-end bonus and seeking statutory damages under General Statutes § 31-72.[2] The trial court, *Corradino, J.*, granted the defendant's motion to strike the plaintiff's claim under § 31-72. After the plaintiff filed an amended complaint containing an amended claim pursuant to § 31-72, the trial court granted the defendant's request to revise the amended complaint by deleting the claim. After a trial on the contract claim, the court, *Eveleigh, J.*, rendered judgment for the plaintiff, from which the defendant

---

[1] General Statutes § 31-71a (3) provides in relevant part: " 'Wages' means compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation . . . ."

[2] General Statutes § 31-72 provides in relevant part: "When any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive, or fails to compensate an employee in accordance with section 31-76k . . . such employee or labor organization may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court . . . ."

appealed and the plaintiff cross appealed to the Appellate Court. The Appellate Court then reversed the ruling of the trial court only as to the granting of the defendant's request to delete the claim pursuant to § 31-72. See *Ziotas* v. *Reardon Law Firm, P.C.*, 111 Conn. App. 287, 314–15, 959 A.2d 1013 (2008). We granted the defendant's petition for certification to appeal, limited to the following issue: "Did the Appellate Court improperly conclude that the Connecticut wage statute . . . § 31-71a, applied to the plaintiff's year-end bonus?" *Ziotas* v. *Reardon Law Firm, P.C.*, 290 Conn. 903, 962 A.2d 796 (2009). We now answer that question in the affirmative and, therefore, reverse in part the judgment of the Appellate Court. See footnote 5 of this opinion.

The Appellate Court's opinion sets forth the following facts and procedural history. "The defendant is a professional corporation in New London that is engaged in the practice of law. The defendant's practice is concentrated in the representation of plaintiffs in personal injury cases on a contingent fee basis. Robert I. Reardon is an attorney at law and the president of the defendant law firm, exercising all of the powers customarily exercised by a chairman, president and chief executive officer of a corporation.

"The plaintiff has been a member of the Connecticut bar since December 5, 1991, and began working for the defendant as an associate on April 1, 1992. On February 10, 1993, the plaintiff and Reardon, on behalf of the defendant, executed a written contract setting forth the rights and responsibilities of the parties with respect to the plaintiff's employment. Reardon, on behalf of the defendant, drafted the contract and informed the plaintiff that his continued employment was contingent on his agreeing to its terms. Reardon afforded the plaintiff no opportunity to edit the terms of the contract.

"Pursuant to the terms of the contract, the plaintiff was an employee at will of the defendant, subject to

termination, with or without cause, at any time. Paragraph three of the contract further provided: Annual compensation shall be subject to review by the Board of Directors of [the defendant] on the anniversary of employment of [t]he Associate. Compensation shall be based, in part, on the following criteria:

"a. Seniority in The Firm,

"b. Business generation,

"c. Business productivity,

"d. Quality of work/professional ability,

"e. Work profitability,

"f. Participation in professional activities and pro bono work,

"g. Noteworthy outside activities,

"h. Loyalty and commitment to [the defendant].

"The plaintiff's initial base salary was $35,000 per year, and, after his first nine months of employment, he received a bonus of $12,000. From 1993 through 1997, the amount of the plaintiff's base salary and bonuses increased annually. In 1997, the plaintiff received total compensation in the amount of $117,600, which included a base salary of $62,600 and a bonus of $55,000. Reardon alone determined the amounts of the plaintiff's base salary and bonuses from year to year. Bonuses were paid only in December but were not calculated on the basis of any particular percentage of the defendant's income.

"The plaintiff left the defendant's employ on October 15, 1998, after receiving a total of $55,926.56 in base salary for that year. The plaintiff did not receive a bonus in December, 1998.

"The plaintiff commenced the present action in May, 1999, seeking damages for the defendant's failure to pay him a bonus in 1998. On June 9, 2000, the plaintiff filed a second amended complaint against the defendant, alleging that the defendant's failure to pay him a bonus in 1998 constituted a breach of the parties' employment contract. In count two, the plaintiff alleged that the defendant wrongfully had withheld wages in violation of . . . § 31-72 by virtue of its failure to pay the bonus."[3] (Internal quotation marks omitted.) *Ziotas* v. *Reardon Law Firm, P.C.*, supra, 111 Conn. App. 290–92.

"On October 23, 2000, the court, *Corradino, J.*, granted the defendant's motion to strike the plaintiff's second count. In its memorandum of decision, the court acknowledged that under certain circumstances, a bonus may be considered wages under § 31-71a (3). The court emphasized that such circumstances may exist when a bonus is based on individual production; see *Cook* v. *Alexander & Alexander of Connecticut, Inc.*, 40 Conn. Sup. 246, 488 A.2d 1295 (1985); when a connection [existed] between the additional work performed and the promise of a bonus; *Wuerth* v. *Schott Electronics, Inc.*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-91-036406-S (March 13, 1992) (7 C.S.C.R. 456); and when the bonus was promised if [the plaintiff] accomplished certain objectives of the employer. See *Pelton* v. *Olin Corp.*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-88-0092063-S (July 30, 1991) (6 C.S.C.R. 771). The court determined, however, that the bonus in the present case was not a wage, as defined by § 31-71a. The court reasoned that the allegations described the bonus as a reflection of the success of the firm and a percentage

[3] "The plaintiff's third count asserted a claim to the 1998 bonus under a theory of promissory estoppel. On August 14, 2006, the plaintiff withdrew this count." *Ziotas* v. *Reardon Law Firm, P.C.*, supra, 111 Conn. App. 292 n.1.

of the defendant's net income. The court then concluded that the bonus, as alleged in the second count of the second amended complaint, was an arbitrary figure determined by the success or lack of success of all members of the firm, with no relation to any actual services performed by the plaintiff.

"The plaintiff thereafter repleaded the second count in his third amended complaint filed November 22, 2000. The defendant filed a request to revise the plaintiff's third amended complaint, to which the plaintiff objected. On January 24, 2001, the court overruled the plaintiff's objection and deleted the second count of the plaintiff's third amended complaint.[4] The court held that that count suffered from the same defect as the second count in the second amended complaint in that it [did] not describe a bonus that accrued as a result of the plaintiff's personal efforts *alone* . . . . The plaintiff subsequently filed a fourth amended complaint that reflected the court's order deleting the second count; see Practice Book § 10-37 (b) . . . ." (Emphasis in original; internal quotation marks omitted.) *Ziotas* v. *Reardon Law Firm, P.C.*, supra, 111 Conn. App. 306–308.

"The parties tried the plaintiff's sole remaining count, breach of contract, to the court, *Eveleigh, J.* By memorandum of decision filed November 7, 2006, the court rendered judgment in favor of the plaintiff and awarded damages in the amount of $50,000 plus offer of judgment interest in the amount of $44,860.27. The defendant appealed, and the plaintiff cross appealed." Id., 292–93.

In his cross appeal to the Appellate Court, the plaintiff claimed that the trial court, *Corradino, J.*, improperly had overruled his objection to the defendant's request

[4] See *P & L Properties, Inc.* v. *Schnip Development Corp.*, 35 Conn. App. 46, 50, 643 A.2d 1302 (when amended complaint merely restates original cause of action that was previously stricken, defendant may use request to revise to delete allegations), cert. denied, 231 Conn. 913, 648 A.2d 155 (1994).

to revise the second count of his third amended complaint.[5] Id., 304–305. Specifically, he claimed that the trial court improperly had concluded that "the bonus portion of his compensation, as alleged in his complaint, did not fall within the definition of wages, as that term is used in . . . § 31-71a (3)." Id., 305. The Appellate Court concluded that, under this court's decision in *Mytych* v. *May Dept. Stores Co.*, 260 Conn. 152, 159, 793 A.2d 1068 (2002), the plaintiff's bonus would constitute a wage if "the terms of the parties' employment agreement, as alleged in the complaint, vested in the plaintiff a right to compensation in the form of a bonus in exchange for the services that he had provided during the first ten months of 1998." *Ziotas* v. *Reardon Law Firm, P.C.*, supra, 111 Conn. App. 313. Because the plaintiff had alleged in this third amended complaint that the employment contract had "provided for a bonus 'that fairly reflects his contribution to the [defendant's success]' "; id., 312–13; and that he had "contributed to the defendant's success by providing legal services to the defendant's clients and by generating fees"; id., 313; the Appellate Court concluded that "the bonus could have been classified as wages for purposes of § 31-71a (3)." Id., 313–14. Accordingly, the Appellate Court concluded that the trial court, *Corradino, J.*, improperly had overruled the plaintiff's objection to the defendant's request to delete the claim from the third amended complaint. Id., 314. This appeal followed.

On appeal, the defendant claims that the Appellate Court improperly determined that the bonus that was payable to the plaintiff constituted wages as defined by

[5] In its appeal to the Appellate Court, the defendant raised multiple challenges to the judgment of the trial court, *Eveleigh, J.*, in favor of the plaintiff on his breach of contract claim. The Appellate Court rejected those challenges and affirmed the judgment in favor of the plaintiff on that claim. *Ziotas* v. *Reardon Law Firm, P.C.*, supra, 111 Conn. App. 293–304. On appeal, the defendant does not challenge the judgment of the Appellate Court on the plaintiff's contract claim.

§ 31-71a (3). Specifically, the defendant contends that, when the amount of a bonus is discretionary and is not ascertainable by applying a formula, the bonus does not constitute wages under the statute. We agree.

At the outset, we set forth our standard of review. Whether a bonus constitutes wages under § 31-71a (3) is a question of statutory construction, over which we exercise plenary review. See *Weems* v. *Citigroup, Inc.*, 289 Conn. 769, 778, 961 A.2d 349 (2008). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Internal quotation marks omitted.) Id., 779.

Section 31-71a (3) defines " '[w]ages' " as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation . . . ." In determining whether the plaintiff's annual bonus is included in this definition of wages, we do not write on a blank slate. In *Weems* v. *Citigroup, Inc.*, supra, 289 Conn. 778–79, this court considered whether bonuses that were discretionary and based on the performance and profitability of the employer's business

came within the statute.[6] We determined that the language of § 31-71a (3) "is ambiguous because it is subject to two different reasonable readings: A bonus, even if discretionary or not specifically tied to identifiable extra work performed by an employee, could be considered 'compensation for labor or services rendered' by that employee; General Statutes § 31-71a (3); it similarly is reasonable to read that language as linked expressly to identifiable extra work or services performed by a particular employee. Accordingly, § 1-2z permits us to consult extratextual sources in making this determination." *Weems* v. *Citigroup, Inc.*, supra, 779.

After determining in *Weems* that the legislative history of § 31-71a (3) offered no guidance on the question of whether a bonus constitutes wages, this court turned to the decisions of other courts and agreed with their conclusions that "bonuses that are awarded solely on a discretionary basis, and are not linked solely to the ascertainable efforts of the particular employee, are not wages under § 31-71a (3)." Id., 782. In the present case, the defendant relies on this language to support its claim that, even though the plaintiff was contractually entitled to a bonus, because the *amount* of the plaintiff's bonus was discretionary, it did not constitute wages. The plaintiff counters that this court's decision in *Weems* bars claims under § 31-72 only when the *bonus itself* was discretionary, not when the bonus was contractually required and only the amount was discretionary. We agree with the defendant.

Although the plaintiff is correct that neither *Weems* nor the cases that we cited in that decision address the situation in which the payment of a bonus was contractually required and only the amount of the bonus

---

[6] Our decision in *Weems* was released after the Appellate Court released its decision in the present case.

was discretionary,[7] we conclude for the following reasons that such a bonus does not constitute wages under § 31-71a (3). First, our reasoning in *Weems* also applies when an employee is contractually entitled to a bonus, but the amount is indeterminate and discretionary. We stated in that case that "the wording of the statute, in expressly linking earnings to an employee's labor or services personally rendered, contemplates a more direct relationship between an employee's own performance and the compensation to which that employee is entitled. Discretionary additional remuneration, as a share in a reward to all employees for the success of the employer's entrepreneurship, falls outside the protection of the statute." (Internal quotation marks omitted.) *Weems* v. *Citigroup, Inc.*, supra, 289 Conn. 780–81. Although an employee may have a justified expectation of additional compensation when the employer is contractually obligated to give a bonus to the employee and any contractual conditions, such as the employer's annual profitability, are met, the relationship between performance and compensation is still attenuated if the amount of the bonus is discretionary and dependent on factors other than the employee's performance.

Second, a review of other statutes reveals that, when the legislature intends for a statutory scheme to apply broadly to all forms of remuneration, it knows how to

---

[7] In *Weems*, we characterized the bonuses at issue as "discretionary bonuses." *Weems* v. *Citigroup, Inc.*, supra, 289 Conn. 774; see also id., 782 (bonuses were "awarded solely on a discretionary basis"); see also *Whiting-Turner Contracting Co.* v. *Fitzpatrick*, 366 Md. 295, 306, 783 A.2d 667 (2001) (bonus that is not promised in compensation package but is purely discretionary does not constitute wages); *Truelove* v. *Northeast Capital & Advisory, Inc.*, 95 N.Y.2d 220, 224, 738 N.E.2d 770, 715 N.Y.S.2d 366 (2000) (plaintiff had no contractual right to bonus and his "share in the bonus pool was entirely discretionary and subject to the non-reviewable determination of his employer"); cf. *Murphy* v. *First Union Capital Markets Corp.*, 152 N.C. App. 205, 208–209, 567 S.E.2d 189 (2002) (bonus paid in form of restricted stock was wage, despite fact that it had not vested, because state statute specifically defined "wages" as including "bonuses").

make that intention clear. See General Statutes § 5-196 (7);[8] General Statutes § 7-452 (5);[9] General Statutes § 31-222 (b) (1);[10] General Statutes § 45a-34 (8);[11] General Statutes § 52-350a (5);[12] General Statutes § 52-362 (a) (3).[13]

Third, although § 31-72 is remedial,[14] a violation of the statute gives rise to substantial criminal and civil penalties. Under § 31-72, an employee is entitled to "twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by

[8] General Statutes § 5-196 (7) provides: " 'Compensation' means the salary, wages, benefits and other forms of valuable consideration earned by and provided to an employee in remuneration for services rendered."

[9] General Statutes § 7-452 (5) provides in relevant part: " 'Wages' means all remuneration for employment, including the cash value of all remuneration paid in any medium other than cash, except that the term shall not include that part of such remuneration which, even if it were paid for employment within the meaning of the federal Insurance Contributions Act, would not constitute wages within the meaning of that act . . . ."

[10] General Statutes § 31-222 (b) (1) provides: " 'Total wages' means all remuneration for employment and dismissal payments, including the cash value of all remuneration paid in any medium other than cash except the cash value of any remuneration paid for agricultural labor or domestic service in any medium other than cash."

[11] General Statutes § 45a-34 (8) provides in relevant part: " 'Pay' means the salary, wages or earnings of an employee, but does not include any fees or allowances for expenses . . . ."

[12] General Statutes § 52-350a (5) provides: " 'Earnings' means any debt accruing by reason of personal services, including any compensation payable by an employer to an employee for such personal services, whether denominated as wages, salary, commission, bonus or otherwise."

[13] General Statutes § 52-362 (a) (3) provides in relevant part: " 'Earnings' means any debt accruing to an obligor by reason of such obligor's personal services, including any compensation payable by an employer to an employee for such personal services whether denominated as wages, salary, commission, bonus or otherwise, including unemployment compensation if a purchase of service agreement between the Commissioner of Social Services and the Labor Commissioner is in effect pursuant to subsection (e) of section 17b-179 . . . ."

[14] See *Tianti* v. *William Raveis Real Estate, Inc.*, 231 Conn. 690, 696, 651 A.2d 1286 (1995) ("[t]he purpose of § 31-72 is remedial, and therefore it must be given a liberal construction in favor of those whom the legislature intended to benefit").

the court" when an employer fails to pay the employee's wages. Under General Statutes § 31-71g,[15] the employer may be fined up to $5000 or imprisoned up to five years, or both, for violating § 31-72. An interpretation of the term " '[w]ages' " as defined by § 31-71a (3) that would allow the imposition of these penalties when the amount of a bonus is indeterminate and discretionary would raise serious questions of fundamental fairness and due process.[16] "It is well established that this court has a duty to construe statutes, whenever possible, to avoid constitutional infirmities . . . ." (Internal quotation marks omitted.) *State* v. *Cook*, 287 Conn. 237, 245, 947 A.2d 307, cert. denied, 555 U.S. 970, 129 S. Ct. 464, 172 L. Ed. 2d 328 (2008); see also *George M.* v. *Commissioner of Correction*, 290 Conn. 653, 668 n.5, 966 A.2d 179 (2009) (rule of lenity provides that ambiguous penal statute must be strictly construed against state).

In support of his argument to the contrary, the plaintiff contends that the fact that the amount of the bonus

[15] General Statutes § 31-71g provides: "Any employer or any officer or agent of an employer or any other person authorized by an employer to pay wages who violates any provision of this part may be: (1) Fined not less than two thousand nor more than five thousand dollars or imprisoned not more than five years or both for each offense if the total amount of all unpaid wages owed to an employee is more than two thousand dollars; (2) fined not less than one thousand nor more than two thousand dollars or imprisoned not more than one year or both for each offense if the total amount of all unpaid wages owed to an employee is more than one thousand dollars but not more than two thousand dollars; (3) fined not less than five hundred nor more than one thousand dollars or imprisoned not more than six months or both for each offense if the total amount of all unpaid wages owed to an employee is more than five hundred but not more than one thousand dollars; or (4) fined not less than two hundred nor more than five hundred dollars or imprisoned not more than three months or both for each offense if the total amount of all unpaid wages owed to an employee is five hundred dollars or less."

[16] By way of example, if an employer paid a bonus but the employee subjectively believed that he was entitled to more money, it seems highly unlikely that the legislature would have intended that an employer would be subject to large fines and possible imprisonment under those circumstances.

was indefinite does not render the contract unenforceable. See *Ziotas* v. *Reardon Law Firm, P.C.*, supra, 111 Conn. App. 302 ("[u]nder the modern law of contract, if the parties so intend, they may reach a binding agreement even if some of the terms of that agreement are still indefinite" [internal quotation marks omitted]). We recognize that a contract may be enforceable even though some of its terms are indefinite. Indeed, the contractual agreement regarding the plaintiff's bonus was enforced in the present case. See footnote 5 of this opinion. For the foregoing reasons, however, we do not agree that *all* contractually based compensation, including a contractual bonus the amount of which is discretionary, constitutes wages under § 31-71a (3).

The plaintiff also relies on this court's statement in *Mytych* v. *May Dept. Stores Co.*, supra, 260 Conn. 161, that "[t]he purpose of the [wage protection] statutes . . . is to protect the sanctity of the wages earned by an employee pursuant to the agreement she or he has made with her or his employer. The statutes do not dictate the means by which those wages are calculated." In *Mytych*, however, the specific amount of the wages owed by the employer to the employees was ascertainable by application of a set formula to which the employees had agreed when they were hired. Id., 155–56. We merely held in that case that, when an employee has agreed to a specific formula for the calculation of his or her wages, the part of the formula that allows deductions does not constitute a deduction from earned wages. Id., 164–65. Thus, that case does not control the present case, in which the amount of the plaintiff's bonus was not ascertainable by the application of a set formula.

Finally, the plaintiff relies on § 31-222-3 of the Regulations of Connecticut State Agencies, which provides in relevant part: "The term 'wages' means all remuneration for employment, whether paid in money or something

other than money. The name by which such remuneration is designated is immaterial. Thus, salaries, commissions on sales or on insurance premiums, fees and bonuses are wages within the meaning of the act if payable by an employer to his employees as compensation for services not excepted by the law. . . ." This regulation, however, implements the provisions of the Unemployment Compensation Act, General Statutes § 31-222 et seq., not the wage protection statutes. Because the definition of wages for purposes of the Unemployment Compensation Act is broader than the definition set forth in § 31-71a (3); see footnote 10 of this opinion; the regulation provides no guidance to our construction of § 31-71a (3).

For the foregoing reasons, we reverse the judgment of the Appellate Court holding that the trial court, *Corradino, J.*, improperly had overruled the plaintiff's objection to the defendant's request to revise count two of his third amended complaint seeking statutory damages under § 31-72.

The judgment of the Appellate Court is reversed only as to its reversal of Judge Corradino's decision overruling the plaintiff's objection to the defendant's request to revise count two of his third amended complaint and the case is remanded to the Appellate Court with direction to affirm the judgment of the trial court; the judgment of the Appellate Court is affirmed in all other respects.

In this opinion the other justices concurred.