******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# ROBERT V. PENTLAND III *v.* COMMISSIONER OF CORRECTION
## (AC 39161)

Keller, Prescott and Bear, Js.

*Syllabus*

The petitioner, who had been convicted of two counts of the crime of witness tampering, sought a writ of habeas corpus, claiming that he had been denied the effective assistance of trial counsel. In connection with his conviction of witness tampering, the petitioner had been sentenced to one year incarceration, which he served from December, 2010 to December, 2011, and during that time, he was held in lieu of bond for certain other charges that stemmed from a sexual assault. After he completed his one year sentence on the witness tampering conviction, he continued to be held in lieu of bond on the sexual assault charges, of which he was convicted in 2012 and sentenced to a term of incarceration that he was serving when he filed his habeas petition in May, 2015. The habeas court rendered judgment dismissing that petition, sua sponte, for lack of subject matter jurisdiction, concluding that it lacked jurisdiction to hear the petition because the petitioner had not been in custody for the witness tampering conviction when the petition was filed. Following the granting of certification, the petitioner appealed to this court. He claimed that because he has remained incarcerated on one or the other sentence since June, 2010, the sentences should be treated as consecutive sentences or a continuous stream of sentences, and that he should be considered to be in custody for jurisdictional purposes on both sentences for the duration of the aggregate term. *Held* that the habeas court properly dismissed the habeas petition, the petitioner having failed to allege sufficient facts to establish the habeas court's subject matter jurisdiction over his habeas petition: even if this court were persuaded by the petitioner's argument that he was in custody, the record was devoid of specific facts alleged by the petitioner that could have established the habeas court's jurisdiction, as the facts alleged by the petitioner concerning his sentences, dates of confinement and pretrial confinement credit were alleged in his brief to this court and were not alleged or proven before the habeas court, and the facts alleged in the habeas petition were insufficient to prove his claim; moreover, the habeas court did not have an obligation to grant a hearing prior to dismissing the habeas petition, as that was not required by the rule of practice (§ 23-29) that permits the habeas court to dismiss a petition sua sponte if it determines that it lacks jurisdiction, and the petitioner did not file any motion or other pleading in the habeas court alleging that he was entitled to a hearing.

Argued May 25—officially released September 26, 2017

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Oliver, J.*, rendered judgment dismissing the petition; thereafter, the court, *Oliver, J.*, denied the petition for certification to appeal, and the petitioner appealed to this court; subsequently, the court, *Oliver, J.*, granted the petitioner's motion for permission to file a late amended petition for certification to appeal and for reconsideration of the denial of the petition for certification to appeal; thereafter, the court, *Oliver, J.*, granted the amended petition for certification to appeal. *Affirmed.*

*Jennifer Bourn*, assistant public defender, for the

appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *Patrick Griffin*, state's attorney, and *Adrienne Maciulewski*, deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

PRESCOTT, J. The petitioner, Robert V. Pentland III, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus.[1] On appeal, the petitioner claims that the court improperly dismissed his petition for lack of subject matter jurisdiction on the basis of an erroneous conclusion that he was not in the custody of the respondent, the Commissioner of Correction, on the challenged conviction when he filed his petition, as required by General Statutes § 52-466. We conclude that the petitioner did not allege sufficient facts in his petition to establish the habeas court's subject matter jurisdiction to hear his petition. Accordingly, the judgment of the habeas court is affirmed.

We begin by setting forth the relevant procedural history. On May 22, 2015, the petitioner, representing himself, filed a petition for a writ of habeas corpus challenging his 2011 conviction for two counts of witness tampering. The petitioner alleged in his petition that his conviction was illegal because, inter alia, he was denied the effective assistance of counsel. On March 29, 2016, the habeas court, *Oliver*, *J.*, sua sponte, dismissed the petition pursuant to Practice Book § 23-29 (1),[2] concluding that it did not have jurisdiction to hear the petition because the petitioner had not been in custody for the witness tampering conviction at the time he filed his petition. The court did not set forth the factual basis for this conclusion and did not hold a hearing prior to its sua sponte dismissal of the petition.

The self-represented petitioner filed a petition for certification to appeal on April 7, 2016. The court, *Oliver J.*, denied the petition for certification on April 12, 2016. The petitioner thereafter filed the present appeal on May 2, 2016, and was appointed appellate counsel. On September 14, 2016, the petitioner's appellate counsel filed a motion for permission to file a late amended petition for certification to appeal and for reconsideration of the denial of the petition for certification to appeal, arguing that counsel had identified grounds for challenging the habeas court's determination that it did not have jurisdiction to hear the petition for a writ of habeas corpus. The court, *Oliver*, *J.*, granted the motion, allowed the petitioner's counsel to file a new petition for certification, and granted the amended petition for certification to appeal on September 14, 2016.

We now turn to the state of the factual record before us. Except in other circumstances which are inapplicable here, "[i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the

face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *Lebron* v. *Commissioner of Correction*, 274 Conn. 507, 512, 876 A.2d 1178 (2005).

In deciding whether to sua sponte dismiss the petitioner's habeas petition, the court was required, under the circumstances of this case, to take the facts to be those alleged in the petition. See id. The facts alleged by the petitioner in his May 22, 2015 habeas petition, however, were quite sparse in regard to the issue of the court's jurisdiction. Specifically, the petitioner alleged that he was serving a sentence for two counts of witness tampering, that he was arrested in December, 2010, and was sentenced in "summer, 2011," to a total effective sentence of one year of incarceration. Because the court did not hold, and the petitioner did not request, a hearing on the issue of the court's subject matter jurisdiction, the record before us is limited to those facts alleged in the petitioner's habeas petition.

On appeal, the petitioner attempts to remedy the dearth of facts in the record by alleging the following facts in his brief to this court, most of which are not alleged in his habeas petition. Following a trial to the court, the petitioner was convicted of two counts of witness tampering in violation of General Statutes § 53a-151 (witness tampering conviction). He was sentenced on both counts on December 9, 2011 to a total effective sentence of one year of incarceration. He served his sentence from December 20, 2010 to December 19, 2011. During his sentence, however, the petitioner also was being held in lieu of bond for several other charges pending at that time. The charges stemmed from his sexual assault of a minor that occurred from 1998 to 2009 (sexual assault charges). After he completed his sentence of one year of incarceration on the witness tampering conviction, he continued to be held in lieu of bond on the sexual assault charges.

On February 16, 2012, the petitioner pleaded guilty under the *Alford* doctrine[3] to the sexual assault charges and was sentenced by the court, *Fasano, J.*, on May 22, 2012, to a total effective term of eighteen and one-half years incarceration and twenty-five years probation. In addition, the petitioner was granted eligible pretrial confinement credit on the sexual assault charges dating back to June 1, 2010, the date on which he was arrested on those charges. The pretrial confinement credit, however, did not include the time the petitioner was being held as a sentenced prisoner on his witness tampering conviction from December 20, 2010 to December 19, 2011.[4]

The petitioner now claims on appeal that the habeas court improperly concluded that it lacked jurisdiction over his petition for a writ of habeas corpus. Specifically, the petitioner claims that the court improperly failed to recognize that the custody requirement embod-

ied in § 52-466 was satisfied because he was serving one continuous stream of sentences when he filed his petition. The petitioner argues that his continuous stream of sentences, which he deems equivalent to consecutive sentences, should be viewed as one aggregate term, and, accordingly, that he should be considered to be in custody for jurisdictional purposes on both sentences for the duration of that aggregate term. In other words, the petitioner argues that because his pretrial confinement credit that applied to the sentence on his sexual assault charges was reduced by the one year that he spent serving his witness tampering sentence, and because he has remained incarcerated on one or the other sentence since June 1, 2010, the sentences should be treated as consecutive sentences. Thus, the petitioner argues that, viewing both sentences in the aggregate, the habeas court had subject matter jurisdiction over his witness tampering conviction because he effectively was in custody on that conviction when he filed the petition, even though he had completed the one year sentence. The petitioner further argues that his claim, if successful, would shorten the length of his current confinement because the one year period for which he served his witness tampering sentence would be considered pretrial confinement credit on his sexual assault sentence, thereby effectively reducing his incarceration on the sexual assault conviction by one year.

Our Supreme Court has long held that because "[a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 532–33, 911 A.2d 712 (2006).

"A habeas court has subject matter jurisdiction to hear a petition for [a writ of] habeas corpus [if] the petitioner is in custody at the time that the habeas petition is filed." *Young* v. *Commissioner of Correction*, 104 Conn. App. 188, 191, 932 A.2d 467 (2007), cert. denied, 285 Conn. 907, 942 A.2d 416 (2008). Section § 52-466 (a) (1) provides in relevant part that "[a]n application for a writ of habeas corpus . . . shall be made to the superior court, or to a judge thereof, for the judicial district in which the person whose *custody is in question is claimed to be illegally confined or deprived of such person's liberty*." (Emphasis added.) Our Supreme Court previously has concluded that the

custody requirement of § 52-466 is jurisdictional because "the history and purpose of the writ of habeas corpus establish that the habeas court lacks the power to act on a habeas petition absent the petitioner's allegedly unlawful custody." *Lebron* v. *Commissioner of Correction*, supra, 274 Conn. 526.

An exception exists, however, to the custody requirement. "A habeas petitioner who is serving consecutive sentences may challenge a *future* sentence even though he is not serving that sentence at the time his petition is filed; see *Peyton* v. *Rowe*, [391 U.S. 54, 67, 88 S. Ct. 1549, 20 L. Ed. 2d 426 (1968)]; and he may challenge a consecutive sentence served *prior* to his current conviction if success [on his petition] could advance his release date. *Garlotte* v. *Fordice*, [515 U.S. 39, 47, 115 S. Ct. 1948, 132 L. Ed. 2d 36 (1995)]. In other words, the . . . courts view prior and future consecutive sentences as a continuous stream of custody for purposes of the habeas court's subject matter jurisdiction." (Emphasis in original; internal quotation marks omitted.) *Oliphant* v. *Commissioner of Correction*, 274 Conn. 563, 573, 877 A.2d 761 (2005).

In the present case, the petitioner claims that the court improperly dismissed his petition on the basis that he was not "in custody" at the time the petition was filed. The petitioner argues that the reasoning of *Garlotte* should be extended to the facts of this case and asks us to determine whether he was effectively in custody at the time he filed this petition.

We conclude that the court properly dismissed the petition because the petitioner failed to allege sufficient facts to establish the habeas court's subject matter jurisdiction to hear his petition for a writ of habeas corpus. "It is well settled that [t]he petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action. . . . The principle that a plaintiff may rely only upon what he has alleged is basic. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. . . . While the habeas court has considerable discretion to frame a remedy that is commensurate with the scope of the established constitutional violations . . . it does not have the discretion to look beyond the pleadings . . . to decide claims not raised." (Internal quotation marks omitted.) *Lebron* v. *Commissioner of Correction*, supra, 274 Conn 519. The party bringing the action bears the burden of proving that the court has subject matter jurisdiction. *Fink* v. *Golenbock*, 238 Conn. 183, 199, 680 A.2d 1243 (1996).

Here, the record is devoid of specific facts alleged by the petitioner that could have established the habeas court's subject matter jurisdiction to hear his petition. Even if we were persuaded by the merits of the petitioner's argument that the reasoning of *Garlotte* should be

extended to the facts of this case, the facts he alleged in his petition are insufficient to prove his claim.[5] The petitioner supports his claim on appeal with various facts regarding his sentences, dates of confinement, and pretrial confinement credit. Those facts have only been alleged by the petitioner in his brief to this court, however, and the facts were not alleged or proven before the habeas court and are otherwise not included in the record before us on appeal.[6]

The habeas court did not conduct a hearing before it dismissed the petition because, as can be determined from a review of the petition, the petitioner had not satisfied his obligation to allege sufficient facts in his pleading, which, if proved, would establish that he was in custody at the time he filed the petition. The court thus lacked jurisdiction, and the habeas court "at any time, upon its own motion," could dismiss the petition. Practice Book § 23-29. Under these circumstances, where § 23-29 did not require a hearing before dismissal, the habeas court did not have an obligation to grant a hearing to the petitioner prior to dismissing the petition. After the dismissal, and prior to his appeal, the petitioner did not file any motion or other pleading in the habeas court alleging a basis for his entitlement to a hearing. Had he done so, the habeas court, in its discretion, could have held a hearing and made factual findings regarding the issue of custody and the court's subject matter jurisdiction. Because that did not occur, the petitioner's claim fails.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The court granted the petitioner certification to appeal.

[2] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that: (1) the court lacks jurisdiction  . . . ."

[3] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed 2d 162 (1970).

[4] See General Statutes § 18-98d (a) (1) (B).

[5] The petitioner did not attach court records from his other cases to his petition in this case.

[6] We decline the petitioner's request to take judicial notice of the facts underlying his claims, including the other court files that he asserts establish such facts. The petitioner had an obligation to set forth in his petition sufficient facts that, if proven, demonstrate that the habeas court had subject matter jurisdiction over his claim. He simply failed to do so. Moreover, our Supreme Court has stated: "[W]hen a court takes judicial notice of a prior case, it is not at all inclusive but is directed to specific records that must be carefully construed in the subsequent litigation." *O'Connor* v. *Larocque*, 302 Conn. 562, 568 n.6, 31 A.3d 1 (2011). We are unconvinced that it is appropriate to exercise our discretion to take judicial notice of the facts from other court records here because they have not undergone the careful scrutiny that *O'Connor* suggests is appropriate.