******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROBERT V. PENTLAND III *v.* COMMISSIONER
OF CORRECTION
(AC 42761)

Alvord, Keller and Elgo, Js.

*Syllabus*

The petitioner, who had been found guilty of two counts of witness tampering
and sentenced to concurrent terms of one year of imprisonment on
each count, appealed to this court from the judgment of the habeas
court, dismissing his petition for a writ of habeas corpus for lack of
subject matter jurisdiction. The petitioner's total effective sentence
expired in December, 2011, after which he pleaded guilty to charges
that had been lodged against him in 2008 and 2010 and for which he
was sentenced to thirty years of incarceration. The habeas court deter-
mined that, because the petitioner already had served his sentence for
the witness tampering convictions at the time he filed his petition, he
was not in custody, as required by the statute (§ 52-466) governing the
filing of habeas corpus petitions. On appeal, the petitioner claimed that
the habeas court improperly concluded that he was not in custody on
his convictions of the witness tampering charges. *Held* that the habeas
court properly dismissed the petitioner's petition for a writ of habeas
corpus, as his sentence on the convictions of the witness tampering
charges had expired long before he filed his habeas petition and, thus,
he was not in the custody of the respondent Commissioner of Correction
at the time he filed that petition; although the petitioner claimed that
the sentences on the 2008 and 2010 convictions, and his sentence on
the witness tampering convictions, should be treated as consecutive
sentences under *Garlotte* v. *Fordice* (515 U.S. 39) because he lost one
year of jail credit on the witness tampering convictions, the fact that
he was sentenced to one year of incarceration on the witness tampering
charges while he was in pretrial confinement on the 2008 and 2010
charges did not convert the former into a consecutive sentence as to
the concurrent sentences on the latter convictions, which were imposed
after the sentences on the witness tampering convictions had been fully
served, any effect on the petitioner's jail credit due to his time served
on the witness tampering convictions was merely a collateral conse-
quence of those convictions that was not sufficient to render him in
custody for the purpose of a habeas petition, and the mere fact that he
was incarcerated at the time he filed the habeas petition was not suffi-
cient to satisfy the custody requirement for purposes of subject mat-
ter jurisdiction.

Argued March 11—officially released September 22, 2020

*Procedural History*

Amended petition for a writ of habeas corpus,
brought to the Superior Court in the judicial district of
Tolland, where the court, *Newson, J.*, rendered judg-
ment dismissing the petition, from which the petitioner,
on the granting of certification, appealed to this
court. *Affirmed.*

*John C. Drapp III*, assigned counsel, for the appel-
lant (petitioner).

*James A. Killen*, senior assistant state's attorney,
with whom, on the brief, were *Patrick J. Griffin*, state's
attorney, and *Adrienne Russo*, assistant state's attor-
ney, for the appellee (respondent).

*Opinion*

ELGO, J. This is a certified appeal from the judgment of the habeas court dismissing the amended petition for a writ of habeas corpus filed by the petitioner, Robert V. Pentland III. On appeal, the petitioner claims that the court improperly dismissed his petition for lack of subject matter jurisdiction on the ground that he already had served his sentence, and, therefore, was not "in custody." We conclude that, with respect to the convictions challenged in the amended petition, the petitioner was not in the custody of the respondent, the Commissioner of Correction. Accordingly, we affirm the judgment of the habeas court.

The following facts and procedural history are relevant to this appeal. On November 17, 2008, the petitioner was arrested and charged with sexual assault in the third degree in violation of General Statutes § 53a-72a (a) (1), risk of injury to a child in violation of General Statutes § 53-21 (a) (2), and unlawful restraint in the second degree in violation of General Statutes § 53a-96 (2008 charges). On June 1, 2010, the petitioner was arrested and charged with two counts of risk of injury to a child in violation of § 53-21 (a) (2) (2010 charges). On those charges, he was held in pretrial confinement in lieu of bond and, on June 9, 2010, his bond was raised on the 2010 charges in order to allow for pretrial confinement credit on the 2008 charges.

On December 20, 2010, the petitioner was arrested and charged with two counts of tampering with a witness in violation of General Statutes § 53a-151 (witness tampering charges). Following a trial to the court, *J. Fischer, J.*, the petitioner was found guilty of both counts and, on December 9, 2011, sentenced to a term of one year of imprisonment on each count, to be served concurrently. The petitioner's total effective sentence expired on December 19, 2011.

On February 16, 2012, two months after the expiration of his sentence on the witness tampering convictions, the petitioner pleaded guilty under the *Alford* doctrine[1] to the 2008 charges and the 2010 charges. On May 22, 2012, the court, *Fasano, J.*, sentenced the petitioner to a total effective term of 30 years of incarceration, execution suspended after 222 months, followed by 25 years of probation.

On May 22, 2015, the petitioner filed a petition for a writ of habeas corpus challenging his witness tampering convictions (2015 petition). On March 29, 2016, pursuant to Practice Book § 23-29 (1),[2] the habeas court, *Oliver, J.*, dismissed the 2015 petition on the ground that "the petitioner was no longer in custody for the conviction being challenged at the time the petition was filed." On May 2, 2016, the petitioner appealed from the habeas court's dismissal of the 2015 petition.

On March 20, 2017, before that appeal was resolved,

the petitioner filed a second petition for habeas corpus (2017 petition). The 2017 petition challenged the petitioner's witness tampering convictions on the ground that his habeas counsel, Christopher Y. Duby, provided ineffective assistance because "he never contacted the petitioner to discuss the case, nor did he investigate the case, nor become familiar with surrounding law." On March 28, 2017, the habeas court, *Bright, J.*, dismissed the 2017 habeas petition pursuant to Practice Book § 23-29 (4)[3] because the petitioner's appeal from the dismissal of the 2015 petition was pending before this court. On April 19, 2017, the habeas court granted the petitioner's "Motion to Reargue/Reconsider" the dismissal of the 2017 petition, and the petitioner filed an amended petition that same day.

On September 26, 2017, this court affirmed the dismissal of the 2015 habeas petition. See *Pentland* v. *Commissioner of Correction*, 176 Conn. App. 779, 169 A.3d 851 (*Pentland I*), cert. denied, 327 Conn. 978, 174 A.3d 800 (2017). In *Pentland I*, this court concluded that "the petitioner failed to allege sufficient facts [in the 2015 petition] to establish the habeas court's subject matter jurisdiction to hear his petition for a writ of habeas corpus."[4] Id., 786.

On November 29, 2018, the habeas court, *Newson, J.*, dismissed the 2017 petition, relying on *Pentland I*. In doing so, the court stated: "It would appear to follow, as a matter of law, that, if the habeas court lacked jurisdiction to hear the underlying matter, the court also lacks jurisdiction to grant the petitioner relief for any other claims related to that same petition, including a claim that counsel was ineffective in his representation of the petitioner in that same case."[5]

On December 10, 2018, the petitioner filed a "Motion to Reargue/Reconsider Judgment of Dismissal" challenging the habeas court's reliance on *Pentland I* to dismiss his 2017 petition. On December 11, 2018, the court granted the petitioner's motion to reargue/reconsider. On January 31, 2019, the petitioner filed an amended petition (2019 petition). On February 8, 2019, the habeas court held a hearing on the motion to reargue and reconsider its dismissal of the 2017 petition but, by then, had before it the 2019 petition. That petition, which is the subject of this appeal, was dismissed for lack of subject matter jurisdiction.[6] On February 14, 2019, the petitioner filed a petition for certification for appeal, which the habeas court granted, and this appeal followed.

On appeal, the sole issue is whether the habeas court properly dismissed the 2019 petition for lack of subject matter jurisdiction. The petitioner claims that the court improperly concluded that he was not "in custody" for his convictions on the witness tampering charges, and, accordingly, was without subject matter jurisdiction. We disagree.

We begin by setting forth the standard of review. "We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 532, 911 A.2d 712 (2006). "This court has often stated that the question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time." (Internal quotation marks omitted.) *Oliphant* v. *Commissioner of Correction*, 274 Conn. 563, 568–69, 877 A.2d 761 (2005). Furthermore, the question of whether the petitioner is in custody for purposes of a habeas petition implicates the habeas court's subject matter jurisdiction. See *Lebron* v. *Commissioner of Correction*, 274 Conn. 507, 526, 876 A.2d 1178 (2005) ("We conclude that the history and purpose of the writ of habeas corpus establish that the habeas court lacks the power to act on a habeas petition absent the petitioner's allegedly unlawful custody. Accordingly, we conclude that the custody requirement in [General Statutes § 52-466 (governing applications for writs of habeas corpus)] is jurisdictional."), overruled in part on other grounds by *State* v. *Elson*, 311 Conn. 726, 747, 754, 91 A.3d 862 (2014).

We now turn to the question of whether the petitioner satisfied the custody requirement embodied in § 52-466. Section 52-466 (a) (1) provides in relevant part: "An application for a writ of habeas corpus . . . shall be made to the superior court, or to a judge thereof, for the judicial district in which the person whose *custody is in question* is claimed to be illegally confined or deprived of such person's liberty." (Emphasis added.) Thus, under Connecticut law, for a court to have subject matter jurisdiction over a petition for a writ of habeas corpus, the petitioner must be in custody at the time the habeas petition is filed. See *Lebron* v. *Commissioner of Correction*, supra, 274 Conn. 530. "[C]onsiderations relating to the need for finality of convictions and ease of administration . . . generally preclude a habeas petitioner from collaterally attacking expired convictions." (Citation omitted; internal quotation marks omitted.) Id., 517, citing *Lackawanna County District Attorney* v. *Coss*, 532 U.S. 394, 402, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001).

In the present matter, the petitioner's sentence arising from his convictions for the witness tampering charges had expired long before he filed his 2019 habeas petition. Thus, because the petitioner was not in custody at the time he filed the 2019 petition, the habeas court would lack subject matter jurisdiction. "An exception exists, however, to the custody requirement." *Pentland I*, supra, 176 Conn. App. 785. A petitioner who is serving consecutive sentences may challenge a future sentence even though he is not serving that sentence

at the time his petition is filed. See *Peyton* v. *Rowe*, 391 U.S. 54, 67, 88 S. Ct. 1549, 20 L. Ed. 2d 426 (1968). A petitioner may also challenge a consecutive sentence served *prior* to his current conviction if successfully doing so would advance his release date. See *Garlotte* v. *Fordice*, 515 U.S. 39, 47, 115 S. Ct. 1948, 132 L. Ed. 2d 36 (1995). "In other words, the federal courts view prior and future consecutive sentences as a 'continuous stream' of custody for purposes of the habeas court's subject matter jurisdiction." *Oliphant* v. *Commissioner of Correction*, supra, 274 Conn. 573.

Because the petitioner is challenging a sentence served prior to the conviction for which he currently is incarcerated, the petitioner asserts that the *Garlotte* exception should be extended to the facts of this case. Specifically, he asserts that the initial witness tampering convictions on December 9, 2011, and subsequent sexual assault and contact convictions on February 16, 2012, created "one continuous, aggregate term of imprisonment, as if they were imposed consecutively . . . ." In other words, the petitioner argues that, because he lost "one year of jail credit on the [convictions of sexual assault and risk of injury to a child] because of the tampering convictions," the sentences should be treated as consecutive. We disagree with the petitioner's argument that these facts are sufficient to warrant an extension of the *Garlotte* exception to the custody requirement under § 52-466.

In *Richardson* v. *Commissioner of Correction*, 298 Conn. 690, 6 A.3d 52 (2010), the petitioner was convicted of possession of marijuana with intent to sell and was subsequently convicted of a federal drug offense. Id., 692. The petitioner was thereafter sentenced to a mandatory term of life imprisonment. Id. After the expiration of his state drug conviction, but while serving the sentence on the federal drug conviction in federal prison, the petitioner filed a petition for a writ of habeas corpus challenging his state drug conviction. Id., 693. In affirming the habeas court's judgment dismissing the petition, our Supreme Court rejected "the petitioner's assertion that the custody requirement of § 52-466 may be satisfied by confinement alone" and reaffirmed the principle that "a petitioner [must] be *in custody on the conviction under attack* at the time the habeas petition is filed . . . ." (Emphasis in original; internal quotation marks omitted.) Id., 699. Accordingly, the mere fact that the petitioner in the present matter was incarcerated at the time he filed the 2019 habeas petition is not sufficient to satisfy the custody requirement for purposes of subject matter jurisdiction.

With respect to the petitioner's jail credit argument, this court rejected a similar claim in *Foote* v. *Commissioner of Correction*, 170 Conn. App. 747, 155 A.3d 823, cert. denied, 325 Conn. 902, 155 A.3d 1271 (2017). In *Foote*, the petitioner was convicted of possession of

cocaine with intent to sell by a person who is not drug-dependent and received a sentence of eight years of incarceration and five years special parole (Ansonia conviction). Id., 749. While on parole for the Ansonia conviction, the petitioner was arrested for participating in a narcotics sale and thereafter pleaded guilty under the *Alford* doctrine (Waterbury conviction). Id. After the petitioner was sentenced, the Department of Correction informed him that the unexpired portion of his special parole on the Ansonia conviction would not begin to run until after the petitioner completed his Waterbury sentence. Id., 749–50. After completing his sentence for the Waterbury conviction—but before completing the unexpired portion of his sentence for the Ansonia conviction—the petitioner filed a petition for a writ of habeas corpus challenging the Waterbury conviction. Id., 750. The petitioner in *Foote* argued that, "because his special parole did not begin to run until the expiration of the sentence on the Waterbury conviction, the sentences should be treated as one continuous stream of custody, and, therefore, the *Garlotte* custody exception should apply." Id., 754. In rejecting that argument, this court explained that, simply because the petitioner's parole in the concurrent Ansonia sentence was delayed, it "did not automatically convert the concurrent sentences into consecutive sentences . . . . Rather, the delay in special parole, which cannot be served while one is incarcerated, was merely a consequence of the sentence on the Waterbury conviction, which included incarceration, being imposed." (Footnote omitted.) Id., 754–55.

As in *Foote*, the petitioner in the present matter is not in custody on the witness tampering convictions he seeks to challenge. Moreover, the fact that he was sentenced to one year of incarceration on the witness tampering charges while he was in pretrial confinement on the 2008 and 2010 charges does not convert the former into a consecutive sentence as to the concurrent sentences on the latter convictions. As to the latter convictions, the sentencing court imposed its sentences on the petitioner five months after the sentence on the witness tampering convictions had been fully served. Any effect on the petitioner's jail credit due to his time served on the witness tampering convictions is merely a collateral consequence of those convictions. "The collateral consequences of a completed sentence are not sufficient to render an individual in custody for the purpose of a habeas petition, even if the petitioner is suffering those consequences at the time that he filed his petition." Id., 755; see also *Ajadi* v. *Commissioner of Correction*, supra, 280 Conn. 540 ("once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual in custody for the purposes of a habeas attack upon it" (internal quotation marks omitted)).

On the basis of the foregoing, we conclude that the habeas court properly dismissed the 2019 habeas petition for lack of subject matter jurisdiction pursuant to § 52-466 because the petitioner was not in the custody of the respondent in connection with the witness tampering convictions when he filed his petition.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . .

"(1) the court lacks jurisdiction . . . ."

[3] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . .

"(4) the claims asserted in the petition are moot or premature . . . ."

[4] In *Pentland I*, this court noted that "the facts alleged by the petitioner in his [2015 petition] were quite sparse in regard to the issue of the court's jurisdiction." *Pentland I*, supra, 176 Conn. App. 782. Specifically, the 2015 petition alleged only that "he was serving a sentence for two counts of witness tampering, that he was arrested in December, 2010, and was sentenced in 'summer, 2011,' to a total effective sentence of one year of incarceration." Id. "Because the [habeas] court did not hold, and the petitioner did not request, a hearing on the issue of the court's subject matter jurisdiction, the record before us [was] limited to those facts alleged in the petitioner's [2015] petition." Id. "On appeal, the petitioner attempt[ed] to remedy the dearth of facts in the record" by improperly alleging facts in his appellate brief that were "not alleged in his [2015] petition," such as the petitioner's subsequent sexual assault convictions on May 22, 2012, and the issue of jail credit. Id., 783. Thus, this court concluded that "the record [was] devoid of specific facts alleged by the petitioner that could have established the habeas court's subject matter jurisdiction to hear his petition." Id., 786–87. For example, "[t]he petitioner did not attach court records from his other cases to his [2015 petition] . . . ." Id., 787 n.5.

In the present matter, the respondent conceded at oral argument that the amended 2019 petition, which is the subject of this appeal, contains sufficient factual allegations to support a colorable claim that the petitioner was "in custody." We agree. Unlike in *Pentland I*, the petitioner has asserted that, as a result of his incarceration since June 1 and 9, 2010, pursuant to the 2008 and 2010 charges, he continues to be in custody for purposes of the witness tampering charges and is entitled to pretrial confinement jail credit.

[5] In *Pentland I*, this court did not address the merits of the petitioner's custody argument because the court concluded that the factual allegations in the self-represented petition were inadequate. See *Pentland I*, supra, 176 Conn. App. 786.

[6] Although the habeas court ultimately ruled that it was not "reconsidering its dismissal," suggesting that it was referring to the 2017 petition, the record considered in its entirety indicates that the court dismissed the amended 2019 petition. The petitioner's motion to reargue references an agreed upon scheduling order of October 31, 2018, in which the petitioner had been given leave to file an amended petition. The motion to reargue additionally noted the petitioner's intention to anchor his jurisdiction claim based on the "amended petition" that he had not yet filed but which we understand to be the 2019 petition, the dismissal of which is on appeal before this court. We also note that, at the hearing, the parties discussed the merits of the petitioner's claim that he was in custody pursuant to his theory that his sentences on the witness tampering charges, the 2008 charges, and the 2010 charges operated as consecutive sentences. Because these are jurisdictional facts alleged in the 2019 petition, we conclude that the habeas court dismissed the 2019 petition and that its comment that it was not "reconsidering its dismissal" was a minor misstatement and did not refer to the 2017 petition.